United States District Court
Southern District of Texas
**ENTERED**
April 27, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHARLES KIRKLAND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-1753** |
| | § | |
| **ANDREW SAUL, Commissioner of Social Security,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Charles Kirkland's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 18) and Defendant Andrew Saul's ("Commissioner") Motion for Summary Judgment (Dkt. No. 16). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the action be **DISMISSED** with prejudice.

## I.    BACKGROUND

On May 18, 2020, Plaintiff timely filed this action for judicial review of the Social Security Administration's ("SSA") final decision on Plaintiff's claim for disability insurance benefits under Title XVI of the Social Security Act.[2] On September 15, 2017, Plaintiff filed an application for benefits claiming an inability to work since September 15, 2017, due to an irregular heartbeat,

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 13.)

[2] *See* Dkt. No. 1.

bone spurs in feet, infections in both legs, adima, and anxiety.[3] The SSA found Plaintiff was not disabled at the initial level of review in January 2018 and again, upon reconsideration, in May 2018.[4] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[5]

On May 15, 2019, the ALJ conducted a hearing.[6] The ALJ heard testimony from Plaintiff and Joela Sanchez, a vocational expert ("VE").[7] On September 11, 2019, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[8] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from September 15, 2017, the date the application was filed . . . ."[9] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[10] On March 10, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[11]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[12]

## II.   LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability

---

[3] *See* Dkt. No. 12-4 at 2–3, 13–14.
[4] *See id.* at 10, 22.
[5] Dkt. No. 12-5 at 17.
[6] Dkt. No. 12-3 at 30.
[7] *See id.*
[8] *Id.* at 12–24.
[9] *Id.* at 24.
[10] *See* Dkt. No. 12-5 at 77.
[11] Dkt. No. 12-3 at 2.
[12] Dkt. No. 1.

claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir.

1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

## III.   DISCUSSION

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th

Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed the first four steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 15, 2017, the application date.[13] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, diabetes, unspecified atrial fibrillation with history of congestive heart failure, hypertension, history of recurrent urinary tract infections, obstructive sleep apnea, hyperlipidemia, degenerative disc disease with history of lumbar discectomy, bilateral stasis

---

[13] Dkt. No. 12-3 at 17.

dermatitis of both lower extremities, and bone spurs of the feet.[14] At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[15] The ALJ found Plaintiff had the RFC to perform the exertional demands of sedentary work as defined in the Commissioner's regulations with the following limitations: never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; and occasionally balance, stoop, kennel, crouch or crawl.[16] At step four, the ALJ determined that Plaintiff was capable of performing past relevant work as a collection clerk and, therefore, Plaintiff was not disabled as defined under the Social Security Act.[17]

Plaintiff moves to reverse or remand the ALJ's decision based on one issue: that the ALJ improperly classified Plaintiff's anxiety as a non-medically determinable impairment.[18] Conversely, Commissioner argues that the ALJ properly classified Plaintiff's alleged anxiety as a non-medically determinable impairment.[19]

The regulations require that the ALJ evaluate medically determinable mental impairments by following a special technique. *See* 20 C.F.R. § 416.920a. The first step is to determine whether Plaintiff has "a medically determinable mental impairment[ ]" based on the "pertinent symptoms, signs, and laboratory findings." 20 C.F.R. § 416.920a(b)(1). 20 C.F.R. § 416.921 adresses how to establish a medically determinable impairment:

> [Plaintiff's]   impairment(s)   must   result   from   anatomical,

---

[14] *Id.*
[15] *Id.* at 18.
[16] *Id.* at 19.
[17] *Id.* at 24.
[18] Dkt. No. 19 at 5.
[19] Dkt. No. 20 at 1.

> physiological, or psychological abnormalities that can be shown by
> medically acceptable clinical and laboratory diagnostic techniques.
> Therefore, a physical or mental impairment must be established by
> objective medical evidence from an acceptable medical source. [The
> ALJ] will not use [Plaintiff's] statement of symptoms, a diagnosis,
> or a medical opinion to establish the existence of an impairment(s).
> After [the ALJ] establish[s] that [Plaintiff has] a medically
> determinable impairment(s), then [the ALJ] determine[s] whether
> [Plaintiff's] impairment(s) is severe.

Accordingly, before determining an impairment's severity, the ALJ must first determine whether

the impairment is medically determinable. 20 C.F.R. § 416.921.

Here, the ALJ never reached the question of whether Plaintiff's anxiety was a severe or

nonsevere impairment because the ALJ made the determination that Plaintiff's anxiety was not a

medically determinable impairment at step two. The ALJ stated:

> The record reflects medications of Amiodarone and Ativan when his
> heart went out of rhythm, and the claimant alleged anxiety related
> symptoms, but the record fails to show a diagnosis of an anxiety
> disorder based upon findings during an examination. There is no
> evidence of treatment by a mental health professional, and the
> majority mental status examinations revealed no abnormalities.
> Accordingly, the state agency psychologists at the initial and
> reconsideration levels opined there was no medically determinable
> mental impairment (Exhibits 1A/5 & 3A/6). More recent treatment
> records show a diagnosis of generalized anxiety disorder, but
> without objective abnormalities within the corresponding mental
> status evaluation (Exhibit 11F/8).
> . . .
> Because there are no objective and clinical findings in support of an
> anxiety disorder diagnosis, it is not medically determinable, which
> is consistent with the state agency medical psychologists' opinions.
> . . .
> In reaching this conclusion, the undersigned finds the assessments
> rendered by State agency reviewing psychologists to be persuasive

and consistent with the evidence of record for the reasons above.[20]

Outside of referencing his own subjective complaints, Plaintiff argues that a prescription for anxiety from Dr. Prabhu Patil is evidence that his anxiety was a medically determinable impairment.[21] This limited objective evidence is neither enough to establish a medically determinable impairment nor enough to find that the ALJ erred in his findings.[22] "Though a prescription for antidepressants or anxiety medication has, in some cases within the Fifth Circuit, suggested a medically determinable mental impairment, those cases have uniformly involved more objective medical evidence of ongoing treatment than what Plaintiff presents here." *Alicia D. v. Berryhill*, No. 3:17-CV-2250-S-BN, 2018 WL 3722320, at *5 (N.D. Tex. July 12, 2018), *report and recommendation adopted*, No. 3:17-CV-2250-S-BN, 2018 WL 3716897 (N.D. Tex. Aug. 3,

---

[20] Dkt. No. 12-3 at 18.

[21] Dkt. No. 19 at 6–7.

[22] *See Martin v. Colvin*, 165 F. Supp. 3d 506, 510–11 (N.D. Tex. 2016) ("Here, two treating physicians examined Plaintiff, observed and reported that her mood appeared anxious and depressed, and issued her or continued her on prescription medication to treat those conditions. Additionally, the state agency consulting doctors agreed that Plaintiff's depression and anxiety constituted MDIs and produced some limitations in her activities of daily living, social functioning, and maintaining concentration, persistence, or pace."); *Cruz v. Colvin*, No. EP-12-CV-00179-ATB, 2013 WL 3338591, at *7 (W.D. Tex. July 1, 2013) (holding that the ALJ erred in finding that the plaintiff's alleged anxiety was not a medically determinable impairment where one "doctor observed [the] [p]laintiff's mood and affect to be angered, calm, depressed, and flat"; the plaintiff later complained of anxiety of and concentration problems; a second doctor "concluded that [the] [p]laintiff appeared to be having a component of COPD vs. anxiety" and plaintiff was thereafter prescribed medication for anxiety and given educational materials for panic attacks; a third doctor's review of the plaintiff's symptoms was positive for anxiety and plaintiff was prescribed another medication for anxiety); *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 806 (N.D. Tex. 2009) (holding that the ALJ erred in finding that the plaintiff does not have a medically determinable mental impairment where the plaintiff had "a history of regularly taking psychotropic prescription medications," "[t]wo doctors noted a medical history of anxiety," and plaintiff presented evidence of diagnosed depression and anxiety from two additional doctors).

8 / 11

2018).

As noted by Commissioner, the ALJ considered the fact that Plaintiff never received treatment by a mental health professional and that most of Plaintiff's mental status examinations were normal.[23] Further, the State Agency Psychologists also found no medically determinable mental impairment.[24] Despite the recent diagnosis of generalized anxiety disorder, the ALJ saw no objective abnormalities within the corresponding mental evaluation.[25] Plaintiff fails to address this competing evidence despite having the burden of proof to show he has a medically determinable impairment. *See* 20 C.F.R. § 416.912(a).

Plaintiff also fails to provide any case law to support his argument. Plaintiff does cite to *Salmond v. Berryhill*, 892 F.3d 812 (5th Cir. 2018) for the proposition that whether an impairment is a medically determinable impairment requires only a *de minimis* standard.[26] However, this is incorrect as *Salmond* states that whether "an impairment is *severe* . . . requires the claimant to make a *de minimis* showing." *Id.* at 817 (emphasis added). *Salmond* did not involve the preliminary issue of whether an impairment was medically determinable.

The question before the Court is whether there is more than a "mere scintilla" of evidence to support the ALJ's finding that Plaintiff's anxiety was a non-medically determinable impairment. *See generally Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). The Court cannot

---

[23] Dkt. No. 12-3 at 18.

[24] *Id.*

[25] *Id.*

[26] Dkt. No. 19 at 6.

"reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The ALJ cited evidence and adequately explained his reasoning for finding Plaintiff's anxiety as a non-medically determinable impairment. Plaintiff's argument hinges on an anxiety medication prescription to show that his anxiety is a medically determinable impairment, but he fails to address the numerous examples of objective medical evidence that suggest otherwise. In light of the objective medical evidence, the Court finds that the ALJ did not err in finding Plaintiff's anxiety as a non-medically determinable impairment and that the ALJ's Step Two determination is based on substantial evidence. *See Bellows v. Astrue*, No. CIV.A. H-11-001530, 2012 WL 3528016, at *6 (S.D. Tex. Aug. 13, 2012) (finding the ALJ did not err in determining certain impairments as non-medically determinable based on the medical evidence).

## IV.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment be **GRANTED**, Plaintiff's Motion for Summary Judgment be **DENIED**, and the action be **DISMISSED** with prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

      **SIGNED** in Houston, Texas on April 27, 2021.

_____
Sam S. Sheldon
United States Magistrate Judge