UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES KIRKLAND, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-01753 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ANDREW SAUL, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Charles Kirkland filed this action against Defendant Andrew Saul, the Commissioner of the Social Security Administration, to seek review of the denial of disability insurance benefits under Title XVI of the Social Security Act. See Dkt 1. The matter was referred for disposition to Magistrate Judge Sam S. Sheldon. Dkt 13.

Kirkland and Saul each moved for summary judgment. See Dkts 16–19 (motions and memoranda of law). The Magistrate Judge recommended granting the motion by the Commissioner and denying that by Kirkland. Dkt 22. Kirkland timely filed an objection. Dkt 23. The Commissioner didn't file a response.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

Kirkland contends that the Magistrate Judge erred in affirming the administrative law judge's determination that

Kirkland's evidence was insufficient to show that his anxiety was a medically determinable impairment, thus warranting disability benefits. Dkt 23 at 1. Specifically, he argues that, taken together, his evidence of mental-health medication, a mental-health diagnosis, and records of his subjective remarks with respect to mental-health issues are sufficient to establish the existence of such impairment. Id at 2–3.

The controlling standard bears emphasis. Judicial review of social security claims is "exceedingly deferential" and is limited to two general inquiries—whether the Commissioner's underlying decision was supported by substantial evidence, and whether the proper legal standards was applied. *Taylor v Astrue*, 706 F3d 600, 602 (5th Cir 2012), citing *Greenspan v Shalala*, 38 F3d 232, 236 (5th Cir 1994). *Substantial evidence* here means that "credible evidentiary choices or medical findings support the decision." *Salmond v Berryhill*, 892 F3d 812, 817 (5th Cir 2017) (quotations omitted). It entails "more than a mere scintilla but less than a preponderance." Ibid (quotations omitted).

The Magistrate Judge was undoubtedly correct that the underlying decision was supported by substantial evidence. The reasoning of the administrative law judge was clearly highlighted:

> As noted by Commissioner, the ALJ considered the fact that Plaintiff never received treatment by a mental health professional and that most of Plaintiff's mental status examinations were normal. Further, the State Agency Psychologists also found no medically determinable mental impairment. Despite the recent diagnosis of generalized anxiety disorder, the ALJ saw no objective abnormalities within the corresponding mental evaluation. Plaintiff fails to address this competing evidence despite having the burden of proof to show he has a medically determinable impairment.

Dkt 22 at 9, citing Dkt 12-3 at 18 (administrative decision). This has now been determined to be accurate upon independent review by the Court. And by this, it is clear that the administrative law judge relied on "more than a mere scintilla" of evidence when

determining that Kirkland's anxiety wasn't a medically determinable impairment. *Salmond*, 892 F3d at 817.

The Magistrate Judge was also undoubtedly correct that the administrative law judge applied the proper legal standards. He identified controlling decisions holding that limited evidence like Kirkland's reported symptoms and a generalized diagnosis (without evaluation or treatment) is insufficient to establish that a plaintiff's anxiety is medically determinable. Dkt 22 at 8 n 22 (collecting cases). Indeed, the pertinent regulations require that medical impairments like the subject anxiety be determined "by objective medical evidence from an acceptable medical source," while rejecting the use of a claimant's "statement of symptoms, a diagnosis, or a medical opinion." 20 CFR § 416.921. The evidence Kirkland points to is largely of the type precluded by the regulation.

The Court has reviewed the objection *de novo* and finds it to lack merit. The Magistrate Judge correctly upheld the administrative law judge's finding that Kirkland's anxiety was not a medically determinable impairment. The Court has otherwise considered the memorandum and recommendation and reviewed the pleadings, the record, the applicable law, and the objection. No clear error appears.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 22.

The motion for summary judgment by Defendant Andrew Saul, as the Commissioner of the Social Security Administration, is GRANTED. Dkt 16.

The motion for summary judgment by Plaintiff Charles Kirkland is DENIED. Dkt 18.

This case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on June 18, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge